UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL MALOTT,

                      Plaintiff,               Civil Action No. 16-13014
                                              Honorable Thomas L. Ludington
                                              Magistrate Judge David R. Grand

v.

RANDALL HAAS, *et al.*,

                      Defendants.

_____/

## REPORT AND RECOMMENDATION TO DISMISS PLAINTIFF'S COMPLAINT [1] PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 4(m) AND 41(b) AND TO DENY DEFENDANTS' SUMMARY JUDGMENT MOTION [24] AS MOOT

### I.     BACKGROUND

On August 17, 2016, *pro se* Plaintiff Michael Malott, who is incarcerated at Oaks Correctional Facility, filed a complaint against Defendants Randall Haas, George Stephanson, Kristopher Steece, and "Mr. Robinson," who, at all relevant times, were employees of the Michigan Department of Corrections ("MDOC").  (Doc. #1).  On October 5, 2016, this case was referred to the undersigned for all pretrial purposes by District Judge Thomas L. Ludington. (Doc. #8).

Defendants Haas, Stephanson, and Steece executed waivers of service.  (Docs. #9, #10, #12).  However, Malott was unable to serve Defendant Robinson.  On October 11, 2016, the Clerk's Office received – via the U.S. Marshal Service[1] – a letter indicating that the MDOC could not accept service on behalf of Defendant Robinson because "the listed staff is unknown." (Doc. #11).  Accordingly, on November 1, 2016, the Court issued an Order Directing Malott to

_____

[1] The Court had previously authorized service by the U.S. Marshal Service.  (Doc. #6).

Provide Additional Information to Execute Service on Defendant Robinson.  (Doc. #13).  After Malott filed a response with additional information about Defendant Robinson (Doc. #20), the Court issued an Order Directing Service of Malott's Complaint on Defendant Robinson on December 7, 2016.  (Doc. #21).

On December 28, 2016, the Clerk's Office received – via the U.S. Marshal Service – a letter from an MDOC representative indicating that service once again could not be accepted on behalf of Defendant Robinson because, based on the information provided, it appeared that he was "now deceased."  (Doc. #27).  Given this, the Court issued an Order to Show Cause on January 4, 2017, giving Malott until January 25, 2017, to show, in writing, "why his complaint should not be dismissed against Defendant Robinson because of his failure to timely serve him within 90 days of filing the complaint."  (Doc. #28 at 2).  Malott was explicitly warned that his "[f]ailure to timely and adequately respond to this Order to Show Cause will result in a recommendation that Malott's action against Defendant Robinson be dismissed for failure to prosecute."  (*Id.*).  Malott did not file a response to the Order to Show Cause, and has not filed proof that Defendant Robinson has been served.

In the meantime, on December 12, 2016, Defendants Haas, Stephanson, and Steece filed a motion for summary judgment.  (Doc. #24).  On December 13, 2016, the Court issued an Order Requiring a Response, in which Malott was informed that pursuant to E.D. Mich. L.R. 7.1, he was required to respond to this motion by January 6, 2017.  (Doc. #26).  Malott did not file a response to the motion, and on January 13, 2017, the Court issued an Order to Show Cause directing him to show cause "in writing, on or before **January 31, 2017**, why this Court should not recommend that his complaint be dismissed due to his failure to file a response to Defendants' motion for summary judgment."   (Doc. #29 at 1) (emphasis in original).

2

Alternatively, the Court indicated that Malott could file his response to the summary judgment motion by January 31, 2017.  (*Id.* at 1-2).  The Court expressly advised Malott:  "**Failure to timely or adequately respond in writing to this Order to Show Cause, or to timely file a response to Defendants' motion, will result in a recommendation that Defendants' motion be granted and/or that Malott's action be dismissed under Fed. R. Civ. P. 41(b).**"  (*Id.* at 2) (emphasis in original).  The deadline passed without Malott filing anything in response to this Order to Show Cause.

## II.  ANALYSIS

Federal Rule of Civil Procedure 41 governs dismissals of actions.  As to involuntary dismissals, Rule 41(b) provides:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule – except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 – operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b).

It is clear that despite the somewhat permissive language of Rule 41(b), which contemplates a motion by a defendant, a federal court may *sua sponte* dismiss a claim for failure to prosecute or comply with a court order.  *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-32 (1962); *Steward v. City of Jackson*, 8 F. App'x 294, 296 (6th Cir. 2001).  As the *Link* court explained:  "Neither the permissive language of [Rule 41(b)] – which merely authorizes a motion by the defendant – nor its policy requires us to conclude that it was the purpose of the Rule to abrogate the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief."  *Id.* at 630.  "The power to invoke this sanction is necessary in order to prevent undue delays in the

disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 629-30. In other words, "a district court can dismiss an action for noncompliance with a local rule . . . if the behavior of the noncomplying party rises to the level of a failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure."[2] *Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick, and GMC Trucks, Inc.*, 173 F.3d 988, 992 (6th Cir. 1999) (citing *Carver v. Bunch*, 946 F.2d 451, 453 (6th Cir. 1991)).

The Sixth Circuit considers four factors in reviewing the decision of a district court to dismiss a case for failure to prosecute:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (citing *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)); *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 589 (6th Cir. 2001).

Here, the Court finds that as to Defendants Haas, Stephanson, and Steece, all of the factors weigh in favor of dismissal, while three of the four factors weigh in favor of dismissing Malott's claims against Defendant Robinson.[3] First, despite the Court's granting Malott additional time to serve Robinson and to respond to Defendants' summary judgment motion, he has failed to do so in both respects. Indeed, he failed to respond to either of the Court's Orders

---

[2] Moreover, under Rule 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Because well more than 90 days have elapsed since Malott filed his complaint, and Defendant Robinson has still not been served, that constitutes an independent basis for dismissing Malott's claims against him.

[3] The Court can find no prejudice to Defendant Robinson by Malott's failure to serve, and thus the second factor is not met here.

to Show Cause, none of which have been returned to the Court as undeliverable.  While the Court does not presume that this is the result of bad faith or willfulness, Malott is clearly at fault for failing to comply with the Court's Orders.

As to the second factor, Defendants Haas, Stephanson, and Steece have been prejudiced by Malott's failure to prosecute this case.  As defendants in a civil action, the Defendants have a right to the timely resolution of the claims brought against them.  Malott's failure to respond to their summary judgment motion, even after being given a second opportunity to do so via the Court's Order to Show Cause, infringes that right and indicates that he has chosen to abandon his claims.

The third and fourth factors were met by the Court's (1) Order Directing Malott to Provide Additional Information to Execute Service on a Defendant (Doc. #13); and (2) Orders to Show Cause of January 4, 2017 and January 13, 2017.  (Docs. #28, #29).  The first of these Orders cautioned Malott on November 1, 2016 that "if the U.S. Marshals are unable to effectuate service on Defendant Robinson with the information [he] provides, the Court may order him to show cause as to why his action against Defendant Robinson should not be dismissed without prejudice."  (Doc. #13 at 2).  Both Orders to Show Cause expressly warned Malott that his failure to timely respond would result in the dismissal of his claims against Defendant Robinson and Defendants Hass, Stephanson, and Steece.  (Doc. #28 at 2, Doc. #29 at 2).  Thus, Malott has been on notice of his obligations and the consequences he would face if he failed to meet them.

It is true that "district courts should be especially hesitant to dismiss for procedural deficiencies where, as here, the failure is by a *pro se* litigant."  *White v. Bouchard*, 2008 WL 2216281, at *5 (E.D. Mich. May 27, 2008) (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2nd Cir. 1996)).  However, "dismissal is appropriate when a *pro se* litigant has engaged in a clear pattern

of delay." *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991).  Indeed, a *sua sponte* dismissal

may be justified by a plaintiff's "apparent abandonment of [a] case."  *White*, 2008 WL 2216281,

at *5 (citing *Washington v. Walker*, 734 F.2d 1237, 1240 (7th Cir. 1984)).  Here, for the reasons

discussed above, Malott has "engaged in a clear pattern of delay" by failing to comply with

multiple orders of the Court and by failing to file papers necessary for the prosecution of his

claims.  Under these circumstances, dismissal is appropriate.  *See* Fed. R. Civ. P. 41(b).

Having considered the relevant factors, the Court finds it appropriate to dismiss Malott's

claims against Defendant Robinson under Rules 4(m) and 41(b), and to dismiss his claims

against Defendants Hass, Stephanson, and Steece under Rule 41(b).

## III.    CONCLUSION

Accordingly, the Court **RECOMMENDS** dismissing Malott's complaint **(Doc. #1)**.  In

light of this recommendation, the Court further **RECOMMENDS DENYING** Defendants'

summary judgment motion **(Doc. #24)** as **MOOT**.

Dated: February 8, 2017                                    s/David R. Grand
Ann Arbor, Michigan                                      DAVID R. GRAND
                                                                   United States Magistrate Judge


## NOTICE TO THE PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and

Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as

provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2).  Failure to file specific

objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140

(1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v.

Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).  The filing of objections which raise some issues,

but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.  A party may respond to another party's objections within 14 days after being served with a copy.  *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1).  Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 8, 2017.

s/Eddrey O. Butts
EDDREY O. BUTTS
Case Manager